UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARK E. BENNICK, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-10-S-2090-NE |
| THE BOEING COMPANY and GRACE THOMPSON, H.R. BOEING, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mark Bennick, proceeding *pro se,* filed this action on July 30, 2010. The action is currently before the court on plaintiff's motion to dismiss one of the defendants, Grace Thompson,[1] and defendants' motion to dismiss plaintiff's complaint as barred by the doctrine of *res judicata*.

**I. LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a),

---

[1] *See* doc. no. 10, at 1-2 ("I motion to have all mention of Grace Thompson, Ms. Thompson, etc. be synonymous with Boeing. From this point forward, Boeing assumes full/sole responsibility as the defendant."); *see also infra* (construing this response as a motion, pursuant to Federal Rule of Civil Procedure 21, to drop Thompson as a defendant).

which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

*Iqbal*, 129 S. Ct. at 1949-50.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The principle underlying this liberal construction is "to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d

859, 864 (7th Cir. 1998); *see also*, *e.g.*, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, such leniency does not extend so far as to give the court leave to serve as *de facto* counsel for a *pro se* litigant. *See Gibbs v. Republic Tobacco, L.P.,* 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2001) (holding that court would not rewrite a *pro se* litigant's pleadings). Moreover, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. United States Marine Corp.*, No. 09-16523, 2010 WL 3860578, at *3 (11th Cir. October 7, 2010) (*per curiam*) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Another pleading standard that will prove relevant to the discussion of the present motions is this: "A complaint may be dismissed for failure to state a claim 'when its allegations . . . show that an affirmative defense bars recovery on the claim.'" *Horne v. Potter*, No. 10-10561, 2010 WL 3245149, at *1 (11th Cir. Aug. 16, 2010) (*per curiam*) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*)) (omissions in original). *Res judicata* is such a defense, and its applicability may appropriately be raised and decided at the 12(b)(6) stage. *Marsh*, 268 F.3d at 1022 (citing *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th

Cir. 1952)).² Further, since they are "public records . . . not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned," a "district court [may] properly t[ake] judicial notice of the documents" from a prior case for purposes of assessing an asserted defense of *res judicata* "without converting a motion to dismiss into a motion for summary judgment." *Horne*, 2010 WL 3245149, at *2. (citations and internal quotation marks omitted).

## II. FACTS AS ALLEGED AND PROCEDURAL BACKGROUND

This is the third case plaintiff has brought against The Boeing Company ("Boeing"), his former employer, regarding the termination of his employment and the events that surrounded it.³ For the first time in this action, however, plaintiff includes as a defendant the individual Boeing employee he alleges was primarily responsible for the company's actions: Grace Thompson.⁴ He asserts that defendant

---

² In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

³ *See* doc. no. 5 (Defendants' Motion to Dismiss), at 1 ("This is Mr. Bennick's third lawsuit against Boeing arising from the same events."); doc. no. 7 (Plaintiff's Response to Defendant's Motion to Dismiss), at 1 ("I don't deny that I have filed 2 previous lawsuits on my own behalf."); *e.g.*, doc. no. 7, at 3 (indicating plaintiff's former employment with Boeing).

⁴ Doc. no. 1, at 1-3 ("The Boeing company and it's [sic] officials were aware of Ms. Thompson's lying behavior and did nothing to stop her."). *Compare id.* at 1; *with* Civil Action No. CV-09-S-0335-NE, doc. no. 8 (Plaintiff's Amended Complaint), at 1; *and* Civil Action No. CV-10-S-0551-NE, doc. no. 1, at 1 (*note*: all references to the record, unless otherwise indicated, are to the record in the present action, CV-10-S-2090-NE).

Thompson knowingly defamed him by making statements regarding the reasons for his termination, and that, since these statements were made "with the backing of the Boeing Company," the company is also liable.[5] Plaintiff terms his claim "defamation *per se*."[6] Plaintiff alleges that, as a result of Thompson's relation of allegedly defamatory information to Teledyne Brown Engineering ("Teledyne"), the company hired plaintiff after Boeing fired him, he lost his employment with Teledyne.[7] Further, plaintiff alleges Thompson made a "bogus incident report" to the United States Department of Defense's Defense Security Service ("DSS"), effectively ensuring that he would never again hold a job that required a security clearance.[8] He seeks compensatory damages for the emotional distress he asserts that he has suffered, injury to his reputation and career prospects, and punitive damages.[9]

Defendants moved to dismiss plaintiff's complaint on the grounds that the factual basis plaintiff alleges for his present claim is identical to the factual bases for the two previous suits he filed against Boeing.[10] In particular, defendants assert that

---

[5] Doc. no. 1, at 2.

[6] *Id.*, at 1; *see also* doc. no. 7 (stating that "[t]his case is a stand alone case" premised upon a claim of defamation *per se*).

[7] Doc. no. 1, at 2.

[8] *Id.*; *see also* doc. no. 7, at 2-3 (fleshing out plaintiff's contentions regarding Thompson's statements to DSS, the proof he hopes to obtain via access to DSS records, and the harm he alleges the purportedly fraudulent incident report caused him).

[9] Doc. no. 1, at 3.

[10] Doc. no. 5.

5

plaintiff's complaint in this action echoes the same allegation — that Teledyne fired him as a result of Ms. Thompson's disclosure to Teledyne that his Boeing employment was terminated for violation of Drug Free Workplace policies — articulated in plaintiff's first complaint, filed on February 20, 2009.[11]  Defendants further contend that plaintiff's allegations regarding the DSS incident report also duplicate allegations plaintiff made in his first complaint.[12]  Defendants also advert to the close identity of the claim asserted in this case with a "slander/libel" count plaintiff asserted in yet another case against Boeing filed with this court on March 16, 2010,[13] which was itself dismissed on the basis of *res judicata*.[14]

After a careful and thorough review of the complaint and attendant materials plaintiff submitted, the court discerned an absence of any evidence concerning the citizenship of defendant Thompson.  Accordingly, this court ordered plaintiff on September 27, 2010 to show cause why the action should not be dismissed for lack of subject matter jurisdiction.[15]  Plaintiff's response on October 4, 2010, did not

---

[11] *Id.*, at 1-2.  *Cf.* CV-09-S-0335-NE, doc. no. 1, Ex. A, at 7.

[12] *Id.*  *Cf.* CV-09-S-0335-NE, doc. no. 1, Ex. A, at 8.

[13] *See* doc. no. 5, at 2; *see also* CV-10-S-0551-NE, doc. no. 1, at 6-8.

[14] CV-10-S-0551-NE, doc. no. 9.

[15] *See* doc. no. 9.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (reiterating that jurisdiction under 28 U.S.C. § 1332 "requires complete diversity — every plaintiff must be diverse from every defendant").

directly address the concern with complete diversity explicitly identified in the September 27 order. Instead, plaintiff responded by making a "motion to have all mention of Grace Thompson . . . be synonymous with Boeing," and requesting that Boeing be saddled with "full/sole responsibility as the defendant."[16]

### III.  DISCUSSION

Initially, this court is required to address the issue of subject matter jurisdiction. Not only does the complaint fail to set forth the basis of this court's jurisdiction, as Federal Rule of Civil Procedure 8(a)(1) requires, but indications from the documents filed in plaintiff's prior cases also indicate a high probability that plaintiff and Thompson are both citizens of Alabama.[17] As plaintiff's sole cause of action, defamation, arises under state law, this court may not assume jurisdiction over this case unless plaintiff demonstrates his citizenship is different from that of *all* named defendants. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse . . . .") (citing, *inter alia*, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). If this court lacks subject matter jurisdiction, the United States Constitution absolutely proscribes further inquiry. *Ortiz v. Fiberboard Corp.*,

---

[16] Doc. no. 10, at 2.

[17] *E.g.*, CV-09-S-0335-NE, doc. no. 13, Ex. 1, at 55 (telephonic unemployment compensation hearing in which defendant Thompson participated via a phone with a number beginning with an Alabama area code).

527 U.S. 815, 831 (1999) (an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M. Railway Co. v. Swan*, 111 U.S. 379, 382 (1884)); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause . . . [and] when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Nonetheless, particularly in light of the special solicitude afforded *pro se* plaintiffs, this court construes plaintiff's response to the show cause order as a motion to drop defendant Thompson from this action as misjoined, pursuant to Federal Rule of Civil Procedure 21.[18] That rule provides, in relevant part that "[o]n motion . . . the

---

[18] Indeed, the complaint itself expresses internal concern with naming Thompson as a defendant at all and expressly declares a willingness to dismiss all claims against her if she "reveals [her] suspicious motive . . . ." Doc. no. 1, at 3.

court may at any time, on just terms, . . . drop a party."[19]  The Eleventh Circuit has made clear that the standard for deciding motions under Rule 21 is identical to that for motions to amend the complaint under Rule 15(a):  that is, permission should be freely given unless there is evidence of a bad motive on the part of the movant and some undue prejudice would accrue to the nonmovant if the motion is granted. *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998).  Defendants have indicated no opposition to the dismissal of defendant Grace Thompson and, as the case in its entirety is due to be dismissed in any event, granting it cannot be said to result in any prejudice whatsoever.  Accordingly, plaintiff's motion to drop Grace Thompson as a defendant is due to be granted.  Dismissing Ms. Thompson, however, does not render moot defendants' motion to dismiss as it pertains to plaintiff's claims against Boeing.

Boeing argues the present action is due to be dismissed on the basis that the facts alleged in the complaint, and the injuries claimed to have resulted, are factually identical to the previous two suits plaintiff brought against it.[20]  Indeed, Boeing contends that the only difference between the claim asserted in this suit and the "slander/libel" count in plaintiff's second suit is the name plaintiff has given to his

---

[19] The full text of the rule reads as follows:  "Misjoinder of parties not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.

[20] Doc. no. 5, at 3-4.

legal theory.[21] Consequently, Boeing asserts, this court must dismiss the complaint as barred by *res judicata*.[22]

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979). "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "Generally, if a case arises out of the same 'nucleus of operative fact' as a former case, the two cases are the same for *res judicata* purposes." *Singh v. United States Attorney General*, 561 F.3d 1275, 1280 (11th Cir. 2009). "Res judicata, or claim preclusion, bars relitigation of matters that were litigated or *could have been litigated* in an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (emphasis supplied) (citing *Nevada v. United States*, 463 U.S. 110, 130

---

[21] *Id.* at 3; *see* doc. no. 1, at 2-3; *see also* doc. no. 7, at 1 (outlining the elements of defamation and defamation *per se* after stating that "[t]his case is a stand alone case explaining the harmful defamatory manner that was published or spoken of the plaintiff by the defendant(s) with the intent to harm."); CV-10-S-0551-NE, doc. no. 1, at 7 (recounting, in a section entitled "Details of Slander/Libel case" the alleged harmful impact of Thompson's "slanderous remarks").

[22] Doc. no. 5, at 4 ("The claims in this case thus are clearly barred by *res judicata*.").

(1983)). Accordingly, "[t]wo cases are the same 'claim' or 'cause of action' 'if [they] arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate[s] . . . .'" *Horne*, 2010 WL 3245149, at \*2 (quoting *Ragsdale*, 193 F.3d at 1239). "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Manning*, 953 F.2d at 1358-59.

This court has previously dismissed for failure to state a claim upon which relief may be granted two suits plaintiff brought against Boeing, both with prejudice.[23] It cannot reasonably be disputed that elements one through three are, therefore, satisfied. Consequently, *res judicata* will necessarily attach and require dismissal of plaintiff's claims as barred by an affirmative defense unless the claims plaintiff makes in this action are different. Yet, as the foregoing analysis elucidates, whether a cause of action is the "same," such that it may not be asserted in a subsequent action, depends not upon the precise legal label attached to the claim, but, rather, upon whether it emerges from the same nucleus of operative facts that gave rise to the previous action. *Manning*, 953 F.2d at 1358-59. Plaintiff's first suit

---

[23] *See* CV-10-S-0551-NE, doc. no. 9, at 3 (dismissing all claims asserted in plaintiff's second action against Boeing with prejudice on the basis of *res judicata* or claim preclusion); CV-09-S-0335-NE, doc. no. 12, at 3 (dismissing all claims asserted in plaintiff's first action against Boeing with prejudice for failure to state a claim upon which relief may be granted); *see also* CV-09-S-0335-NE, doc. no. 14, at 2 (denying reconsideration of the dismissal of plaintiff's first suit after a careful review of the record revealed no clear error or resulting manifest injustice).

included detailed allegations about Thompson's provision of information regarding his Boeing termination to Teledyne.[24]  That suit also included allegations that a baseless "incident report was filed by the Boeing Company against Mr. Bennick's security clearance with DSS . . . ."[25]  As to both instances, plaintiff alleged he was the target of false statements intentionally conveyed by Thompson to others on Boeing's behalf.[26]  Plaintiff repeated the same allegations in the "Slander/Libel" claim of his second suit.[27]  Hence, while plaintiff's claim may be differently characterized in this action, the ineluctable truth is that its factual predicates are identical to those underlying the two actions he previously filed.  Consequently, plaintiff's claims against Boeing are self-evidently barred by *res judicata* and must be dismissed.

In accordance with the foregoing, plaintiff's motion to dismiss Grace Thompson as a defendant is GRANTED.  Further, defendants' motion to dismiss

---

[24] *See* CV-09-S-0335-NE, doc. no. 1, Ex. 1, at 7 ("Also, while discussing Mr. Bennick's situation with the TBE HR, Ms. Thompson provided personal information about Mr. Bennick specifically, that he had been terminated by the Boeing company for Drug Free Workplace violations. . . . Ms. Thompson had no legal right to be making such statements."); CV-09-S-0335-NE, doc. no. 11, at 4 (stating that Ms. Thompson "provided false derogatory information about Mr. Bennick to TBE.").

[25] *See* CV-09-S-0335-NE, doc. no. 11, at 5 ("No such incident occurred . . . ."); CV-09-S-0335-NE, doc. no. 1, at 8 ("Due to Ms. Thomson's [sic] menacing, misconduct and unethical job performance representing Boeing . . . an incident report has been filed against Mr. Bennick's clearance with DSS.").

[26] *See id.*

[27] CV-10-S-0551-NE, doc. no. 1, at 6-8 (stating that Thompson's "slanderous remarks resulted in my being released by TBE" and that a "fictitioous incident report [was] initiated against me by Boeing").

12

plaintiff's claims against defendant Boeing is due to be, and the same is hereby, GRANTED. All claims are DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Costs are taxed to plaintiff. The Clerk is directed to close this file.

      DONE this 15th day of October, 2010.

                                                            _____
                                                            United States District Judge